### D. D. SUTTLE v. J. M. GREEN.

*Practice—Appeal from Justice's Court.*

Where the defendant upon judgment being rendered against him in a Justice's Court appealed in open Court, and afterwards told the Justice not to send up the papers, who thereupon delayed so doing, and thereafter the plaintiff changed his mind and filed with the Clerk of the Superior Court a bond sufficient to cover the plaintiff's claim and costs ; *Held,* that it was not error in the Court below to refuse to dismiss the appeal.

MOTION to dismiss an Appeal heard at Fall Term, 1877, of CLEAVELAND Superior Court, before *Kerr, J.*

The statement embodied in the opinion of this Court delivered by Mr. Justice READE is sufficient to an understanding of the point decided. His Honor refused the motion to dismiss and the plaintiff appealed.

*Mr. W. J. Montgomery*, for plaintiff.
*Mr. J. F. Hoke*, for defendant.

READE, J. On the trial before the Justice, the defendant denied that he owed the plaintiff any thing. And when the Justice gave judgment against him, he appealed in open Court. This was all that he was obliged to do. It then became the duty of the Justice, upon his fees being paid, to send the papers to the Clerk of the Court. As an excuse for not sending up the papers, the Justice said that the defendant told him not to do it. Concede that this was a sufficient excuse for delay on the part of the Justice, still it did not estop the defendant. He had *locus pœnitentiœ,* and he did change his mind and filed with the Clerk a good bond to cover the plaintiff's claim and cost. And even when the defendant told the Justice that he need not send

SUTTLE *v.* GREEN.

up the appeal, it was not upon the idea of abandoning his defence; but as he said, upon the idea that he could defeat the judgment by another way, the homestead; failing in which, he fell back upon his appeal.

We have already said that there was nothing in what the defendant did or said to estop him from prosecuting his appeal. And if there had been some slight irregularity, such as what he said to the Justice and his tardiness in not having the Justice to send up the papers before the term of the Court, if indeed the 8th of October was after the commencement of the term; yet as it was manifest from his denying the debt, appealing from the judgment and giving a good bond, that he never intended to abandon his defence, it was very proper that His Honor should have refused to dismiss the appeal. And even if the defendant had lost his appeal by any technical fault, His Honor might well have had it brought up by *recordari*.

There is no error. This will be certified.

PER CURIAM.        Judgment affirmed.